IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| KENNETH DARNELL WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 25-00849-CV-W-DPR-SSA |
| ) | |
| SOCIAL SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Plaintiff, who represents himself in this matter, has filed an Application for Leave to File Action without Payment of Fees and Affidavit of Financial Status in support. (Docs. 1, 2.) As follows, the Application should be denied and the case dismissed.

"The opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991). A court may "authorize the commencement of any suit without prepayment of fees or security therefor, by a person who submits an affidavit that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1) (cleaned up). To determine whether a plaintiff should be granted leave to proceed *in forma pauperis*, the court employs a two-step process. *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982). First, the court must decide whether the plaintiff qualifies by economic status. *Id*. Local Rule 83.7(c) provides that that payment of the initial filing fee should not "cause [the applicant] to give up the basic necessities of life." Second, if a plaintiff qualifies by economic status, the court must determine whether the action should be dismissed as frivolous or malicious, for failing to state a claim upon which relief may be granted, or for seeking relief against an immune party. *Martin-Trigona*, 691 F.2d at 857; *see also* 28 U.S.C. § 1915(e)(2)(B).

Here, the undersigned is unable to determine whether Plaintiff qualifies by economic status, because the Affidavit of Financial Status is incomplete. First, page 3 of the Affidavit is missing. Also, Plaintiff did not subscribe and swear to the contents of the Affidavit before a notary public as required on page 6. Lastly, although Plaintiff claims to have no income, zero cash on hand, no bank accounts, and no

income from any other sources in the last year, he also states he has monthly obligations of rent, grocery expenses, and gas, electric, and water utilities totaling $2,217.00. Plaintiff fails to explain how he meets these monthly obligations despite claiming to have a complete lack of resources.

More importantly, Plaintiff's proposed Complaint Initiating a Social Security Appeal is incomplete and therefore fails to state a claim. First, the proposed Complaint does not provide the date of the final decision of the Commissioner of Social Security. Second, Plaintiff offers no specific reason(s) why he believes he is entitled to relief in the proposed Complaint.

Accordingly, on October 30, 2025, Plaintiff was directed to file an amended Affidavit of Financial Status and amended Social Security Complaint addressing the issues described above by December 1, 2025. (Doc. 3.) Plaintiff was advised that failure to do so would result in denial of the Application for Leave to File Action without Payment of Fees and dismissal without further notice. A copy of the order, a blank Affidavit of Financial Status, and a blank Social Security Complaint were sent to Plaintiff via regular mail on October 31, 2025. As of the date of this Order, however, Plaintiff has failed to amend his pleadings. As a result, the Application for Leave to File Action without Payment of Fees should be denied and the action should be dismissed for failing to state a claim upon which relief may be granted.

Based on the foregoing, the Clerk's Office is directed to randomly reassign this action to an Article III District Judge for denial of the Application for Leave to File Action without Payment of Fees and dismissal for failing to state a claim upon which relief may be granted.[1] The Clerk's Office should also send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: December 15, 2025

---

[1] The undersigned lacks the authority to dismiss this matter, as all parties have not yet consented to magistrate judge jurisdiction as required by 28 U.S.C. § 636(c)(2).